**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANET N. WINTER,

             Plaintiff - Appellant,

    v.

STEARNS LENDING, INC.; et al.,

             Defendants - Appellees.

No. 12-15576

D.C. No. 2:11-cv-00736-KJD-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

    Janet N. Winter appeals pro se from the district court's judgment dismissing

her diversity action alleging state law claims arising from foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

under Federal Rule of Civil Procedure 12(b)(6).  *In re Mortg. Elec. Registration*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014). We affirm.

The district court properly dismissed Winter's claim for wrongful foreclosure because Winter failed to allege facts sufficient to show a lack of default. *See id.* at 785 ("Nevada law requires that a trustor or mortgagor show a lack of default in order to proceed with a wrongful foreclosure claim."). Moreover, Winter's contention that Mortgage Electronic Registration Systems, Inc.'s ("MERS") involvement rendered the assignment of the deed of trust and note invalid is foreclosed by Nevada law. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 259-60 (Nev. 2012) (holding that MERS is capable of being a valid beneficiary of a deed of trust, and that "while entitlement to enforce both the deed of trust and the promissory note is required to foreclose, nothing requires those documents to be unified from the point of inception of the loan").

The district court properly dismissed Winter's claim for civil conspiracy to commit wrongful foreclosure after dismissing the underlying claim. *See Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 & n.1 (Nev. 1980) (civil conspiracy claim must arise from an underlying wrongful act).

The district court properly dismissed Winter's claim for quiet title because Winter failed to allege facts sufficient to show good title in herself. *See Breliant v.*

2

*Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

The district court did not abuse its discretion in denying Winter's request for an evidentiary hearing because Nevada law does not require production of the original note before the beneficiary may pursue non-judicial foreclosure. *See* Nev. Rev. Stat. § 107.080 (statutory requirements for non-judicial foreclosure); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2004) (standard of review).

We reject Winter's contentions concerning judicial bias.

**AFFIRMED.**